Jane C. Mariani, SBN 313666
**Law Office of Jane C. Mariani**
584 Castro Street, #687
San Francisco, CA 94114
mariani.advocacy@gmail.com
(415) 203-2453

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN E. BYBEE, an individual, JOHN R. SCHOLZ, an individual, and SALLY DILL, an individual,<br><br>on behalf of themselves and all others similarly situated;<br><br>               Plaintiffs,<br>   vs.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, a labor organization; JAMES HOFFA, in his official capacity as INTERNATIONAL BROTHERHOOD OF TEAMSTERS President and Representative; PETER FINN, in his official capacity as TEAMSTER LOCAL 856 Principal Officer; UNITED AIRLINES, INC., a Delaware corporation; and UNITED AIRLINES HOLDINGS, INC., a Delaware corporation;<br><br>               Defendants. | Case No.: 3:18-cv-006632-JD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO ADD NEW PARTIES AND ONE CLAIM**<br><br><br><br>Date:    September 3, 2020<br>Time:   10:00 a.m.<br>Place:  Courtroom 11, 19th Floor<br>Judge:  Hon. James Donato |

## PLAINTIFFS' NOTICE OF AND MOTION FOR LEAVE

PLEASE TAKE NOTICE that on August 27, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable James Donato of the United States District Court for the Northern District of California, San Francisco Division, Courtroom 11, 19th floor, located at 450 Golden Gate Avenue, in San Francisco, California, Plaintiffs will and do move, by and through their attorney Jane C. Mariani, for leave to amend to:

1.      Add a new plaintiff, Victor Drumheller to the action;

2.      Include in the action, and move on behalf of, the defined benefit plan at issue, the Continental Airlines Retirement Plan (CARP);

3.      Add as defendants the United Airlines Retirement Plans Administrative Committee for the years of 2010 through 2016;

4.      Add as defendants the principle officers of each affiliate local union for each plaintiff in this action - Chris Griswold, 986, Paul Stripling, 781, and George Miranda, 210; and

4.      Add a cause of action for a violation of Plaintiffs' individual statutory right under the Railway Labor Act ("RLA") to access the grievance and arbitration process mandated by Section 184 of RLA, with or without the certified union as a party.

The addition of these parties is necessary to properly prosecute Plaintiffs' claims and the addition of the singular claim does not otherwise substantively alter the allegations with respect to the original Defendants.

This Motion is made pursuant to Fed. R. Civ. P. 15(a)(2) on the grounds Plaintiffs should be granted leave to amend to fully vindicate the merits of their claims. Plaintiffs have not acted in a dilatorily manner in seeking such leave nor will allowing amendment prejudice any party or cause any undue delay because this case is in its early stages, discovery has not even begun, no trial date has been set, nor has this Court issued its trial schedule order.  And, Plaintiffs notified

the Court and all Defendants in the Joint Case Management statement of the need to add additional parties and alluded to the same in Plaintiffs' opposition to all Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint.  More, because of the stranglehold the Defendants have on all related documents, witnesses, including access and identification to witnesses and evidence, coupled with the reluctance on all Defendants' part to turn over to Plaintiffs any such evidence as requested, it is the Plaintiffs who would be prejudiced if Plaintiffs' motion were denied.

This Motion is based on this Notice, the accompanying memorandum of points and authorities, the papers, records and pleadings on file in this case, and on such oral argument as the Court allows.

Date: July 20, 2020                          Respectfully submitted,

                                             JANE C. MARIANI
                                             Law Offices of Jane C. Mariani

                                             By:      /s/ Jane C. Mariani
                                                      JANE C. MARIANI

                                             *Counsel for Plaintiffs Kevin E. Bybee, et al*

## MEMORANDUM OF POINTS AND AUTHORITIES
## TABLE OF CONTENTS

I.      INTRODUCTION                                                                      1

II.     STATEMENT OF FACTS                                                       1

III.    ARGUMENT                                                                          7

        A.      Legal Standard                                                            7

        B.      Leave to Amend Should Be Freely Given                 9

                1.      Permitting Plaintiffs' Request Will Not Prejudice Any Party    9

                2.      Amendment Will Not Cause Undue Delay          11

                3.      Plaintiffs' Request Made for Proper Purpose and In Good Faith    11

                4.      Plaintiffs Cure of Deficiencies is Not Futile    12

V.      CONCLUSION                                                                     12

TABLE OF AUTHORITIES

<u>Cases</u>

Abels v. JBC Legal Group, P.C., 229 F.R.D. 152 (N.D. Cal. 2005)) ............................................. 12

Air Cargo, Inc. v. Local Union 851, Int'l Bhd. of Teamsters, 114 L.R.R.M. 2742 (E.D.N.Y.

    1983) ............................................................................................................................................ 14

Am. Express Travel Related Services Co., Inc. v. D & A Corp., 2007 WL 2462080 (E.D. Cal.

    Aug. 28, 2007) ............................................................................................................................ 12

Ashcroft v. Iqbal, 556 U.S. 662 (2009).......................................................................................... 14

Bowles v. Reade, 198 F.3d 752 (9th Cir. 1999) ..................................................................... 10, 12

Brown v. American Airlines, 593 F.2d 652 (5th Cir. 1979).......................................................... 14

California ex rel. Cal. Dept. of Toxic Substances Control v. Neville Chem. Co., 358 F.3d 661(9th

    Cir. 2004) ................................................................................................................................... 13

DCD Programs, Ltd. v. Leighton, 833 F.2d 183 (9th Cir. 1987)................................................... 10

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003) ..................................... 10

Foman v. Davis, 371 U.S. 178 (1962) .............................................................................................. 9

Graf v. Elgin, Joliet & E. Ry., 790 F.2d 1341, 1348 (7th Cir. 1986)........................................... 15

International Ass'n of Machinists v. Philippine Airlines, No. C76-888-WTS (N.D. Cal. May 27,

    1976) .......................................................................................................................................... 14

International Bhd. of Elect. Workers v. Foust, 442 U.S. 42 (1979) .............................................. 15

Miller v. Rykoff–Sexton, Inc., 845 F.2d 209 (9th Cir. 1988)....................................................... 14

Panarale v. Air Wisconsin, 79 L.R.R.M. 2658 (N.D. Ill. 1972) .................................................. 14

Pyles v. United Airlines, Inc., 79 F.3d 1046 (11th Cir. 1996)...................................................... 15

Serpa v. SBC Telecommunications, Inc., 318 F.Supp.2d 865 (N.D. Cal. 2004).......................... 10

Shroyer v. New Cingular Wireless Serv., Inc., 622 F.3d 1035 (9th Cir. 2010) ........................... 14

Stevens v. Teamsters Local 2707, 504 F. Supp. 332 (W.D. Wash. 1980) .................................... 15

United States v. Houghman, 364 U.S. 310 (1960) ......................................................................... 10

Statutes

45 U.S.C. § 152 Sixth .................................................................................................................... 14

45 U.S.C. § 184 .............................................................................................................................. 14

Rules

Fed. R. Civ. P. Rule 1 .................................................................................................................... 10

Fed. R. Civ. P. Rule 15(a) ............................................................................................................. 10

Fed. R. Civ. P. Rule 15(a)(1)(B) ..................................................................................................... 4

Fed. R. Civ. P. Rule 15(a)(2) ........................................................................................................... 9

Fed. R. Civ. P. Rule 21 .................................................................................................................. 10

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Through this motion, Plaintiffs seek leave to add additional parties and a single new claim to Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15 and 21 and this Court's April 21, 2020 Order.  Plaintiffs propose to add plaintiffs - Victor Drumheller, an employee of Defendant United Airlines, Inc. and a member in good standing of the International Brotherhood of Teamsters; and the defined benefit plan at issue in this case, the Continental Airlines Retirement Plan ("CARP"). Plaintiffs propose adding defendants - the CARP Administrative Committee appointed and overseen by United Defendants and the principle officers of each Plaintiffs' affiliate local union, who were appointed by the Teamsters to carry out the representational duties of the Teamsters.  Plaintiffs further propose adding a cause of action for a violation of Plaintiffs' individual statutory right under the Railway Labor Act ("RLA") to access the grievance and arbitration process mandated by Section 184 of the RLA, with or without the certified union as a party.

This motion is based on new information Plaintiffs learned since the filing of Plaintiffs First Amended Complaint, arising out of the same facts and circumstances of this action.

## II.     FACTS AND BACKGROUND

Plaintiffs brought an action for damages against Plaintiffs' employer, United Airlines, Inc., ("United"); its parent company United Airlines Holdings, Inc., ("parent-United," collectively "United Defendants"); and Plaintiffs' union representatives, the International Brotherhood of Teamsters, ("Teamsters"), Teamsters General President, James Hoffa, ("Hoffa"), and Teamsters Local Union 856 Principle Officer, Peter Finn ("Finn"), collectively "Union Defendants."

Plaintiffs allege all Defendants failed to follow and enforce the collective bargaining agreement governing Plaintiffs' employment of which all Defendants were a party to; violated the defined benefit pension plan document; and violated the profit sharing plan document, acting individually and in cooperation and conspiracy together to do so, with all such actions causing damages to Plaintiffs and others similarly situated. Plaintiffs further alleged the specific acts of each and every Defendant, individually and together, violated fiduciary duties owed to the Plaintiffs under the Railway Labor Act and ("RLA") and the Employee Retirement Income Security Act, ("ERISA"). And, in the case of the Union Defendants, additionally violated the Teamsters constitution, the local union bylaws, and the Labor Management Reporting Disclosure Act, ("LMRDA").

The Plaintiffs have been granted leave to amend Plaintiffs' complaint by this Court. (Dkt. No. 74). However, the Court specifically directed Plaintiffs to seek court approval prior to adding any new parties or claims to Plaintiffs' Second Amended Complaint. (Dkt. No. 74). Because Plaintiffs seek to add several additional parties, Plaintiffs make this motion. Plaintiffs also seek to add an additional claim to Plaintiffs' Second Amended Complaint, an action Plaintiffs were also instructed to see this Court's approval to do.

Plaintiffs have not been dilatory in bringing forward this motion for leave to augment the Plaintiffs' Second Amended Complaint nor are Plaintiffs bringing this cause of action to delay or cause any Defendant prejudice. Plaintiffs merely seek to vindicate their rights and recover for all of the misdeeds the Defendants are liable for. In order to effectuate that goal and resolve these matters once and for all, it is also necessary for Plaintiffs to add new parties, each of which has a critical role in the case before the Court and without who the Court could not order efficient, complete, and final resolution.

Plaintiffs Bybee and Scholz, and former Plaintiff Beier, filed the initial Complaint on October 31, 2019, and the case was assigned Magistrate Judge Jurisdiction. (Dkt. 1). Defendants waived personal service and, by joint stipulation and court order, an extension for all Defendants to respond to Plaintiffs' Complaint was agreed upon, resetting the response date to January 18, 2019. (Dkt. No. 16 and 22). All Defendants filed Motions to Dismiss Plaintiffs' Complaint on January 18, 2019. (Dkt. Nos. 33 and 34.).

Because the Defendants rejected Magistrate Judge Jurisdiction, the case was reassigned to this Court on or about December 10, 2019; this Court issued a Reassignment Order, resetting the Case Management Conference for January 31, 2019. Immediately, Defendants requested, and Plaintiffs consented, to stipulate to adjourning the Case Management Schedule pending this Court's resolution of Defendants' forthcoming motions to dismiss and to reschedule the Initial Case Management Conference for the first Thursday falling 35-days after entry of an order on Defendants' motions to dismiss; this Court declined that invitation. (Dkt. No. 25 and 26).

All Defendants timely filed Motions to Dismiss Plaintiffs' Complaint on January 18, 2019. Adhering to the Scheduling Order, the parties exchanged Initial Disclosures on January 23, 2019. Plaintiffs provided all Defendants with a list and the corresponding documents exclusively under Plaintiffs' control; however, neither the United Defendants nor the Union Defendants provided to Plaintiffs a single document under any Defendants' exclusive control listed on their respective Initial Disclosure lists. Plaintiffs' immediately sought to meet and confer with all defendants regarding this failure to fully comply with the letter and spirit of the Initial Disclosure rule. Having arranged a time to discuss the matter, interestingly, all Defendants missed that call, later stating they had all "forgotten" about it. Plaintiffs continued to try and resolve the issue; however, Plaintiffs efforts failed to persuade any Defendant to provide the compulsory documents.

Plaintiffs were eventually informed by all Defendants that they had no duty to provide the documents as Plaintiffs suggested and that Plaintiffs just did not understand how the law works.

After Defendants' motions to dismiss were filed and prior to Plaintiffs' response was due, Plaintiffs were contacted by another United employee, Sally Dill, who wanted to join the lawsuit because she had read the Complaint, recognized the similarities to her own potential lawsuit - a filed grievance prior to ratification of the joint agreement regarding enforcement of the collective bargaining agreement on exactly the same provisions, the LOA 05-03M, a grievance never processed, answered, or finalized.  Plaintiffs, therefore, in light of the failure to obtain crucial information from Defendants and in light of Plaintiff Dill's new information, on February 8, 2019, availed themselves of Rule 15(a)(1)(B) right to amend as a matter of course within 21-days of after the service of a motion under Rule 12(b), and filed a First Amended Complaint instead of an opposition to Defendants' motions to dismiss.  (Dkt. No. 38).

On February 18, 2019, Plaintiffs' propounded discovery requests for all Defendants' listed Initial Disclosure documents using Defendants descriptions of the documents, word for word, as provided by each Defendant per their respective Initial Disclosure list. Plaintiffs needed the identified documents on Defendants' lists to determine the exact parties responsible for the acts taken against Plaintiffs, the nature of the claims against the Defendants, and crucial communications between the Defendants under the Defendants exclusive control; information Plaintiffs had no other way of obtaining.

Inevitably, with respect to the Plaintiffs' First Amended Complaint, all Defendants responded they would file motions to dismiss Plaintiffs' First Amended Complaint.  Having not anticipated Plaintiffs' exercise of amending by a matter of course under Rule 15, Defendants requested additional time to file their motions which Plaintiffs consented to, resulting in a joint

stipulation and subsequent court order, allowing all Defendants until March 15, 2019 to file their respective motions to dismiss, with any response by Plaintiffs due on or before April 15, 2019. (Dkt. No. 39 and 40).  All Defendants filed their respective motions per the agreed upon briefing schedule on March 15, 2020.  (Dkt. Nos. 42, 43, and 44).

On or about March 21, 2019, all Defendants responded to Plaintiffs' discovery request; however, the submissions were grossly inadequate.  The Union Defendants provided minimal response, omitting many communications and key documents requested.  United Defendants did supply two out of date versions of the CARP plan document, which provided the Administrative Committee administers CARP and is the named fiduciary of CARP.  The documents are not clear as to who was on this appointed committee at all relevant times; there is a single page document provided stating who the committee members were on September 15, 2015 only.  The same document suggests a committee member was recently removed which begs the question as to who exactly has been on the committee and when.

The United Defendants not only failed to reasonably respond to the requests, United Defendants made multiple preposterous claims regarding Plaintiffs' requests, including: (1) claims of privilege yet United did not submit a privilege log; (2) claims Plaintiffs' requests were "not proportional to the needs of the case" and "were irrelevant to Plaintiffs' claims" yet, Plaintiffs had specifically and precisely requested the items United Defendants voluntarily listed as relevant and germane to the case in their Initial Disclosure list; (3) claimed because discovery was disallowed in arbitration, the United Defendants had no obligation to provide the requested documents in this federal case, that the Federal Rules of Civil Procedure did not apply, because this case would likely go to arbitration; and (4) claiming "the burden of searching for and

compiling the requested documents outweighs their likely benefit," for documents United allegedly already identified and located if United's Initial Disclosure document was accurate.

Plaintiffs subsequently made multiple requests to meet and confer over these assertions and insufficiencies in the discovery responses; however, such efforts have been completely for naught and all articulated issues remain unresolved to date.   No other discovery has been propounded, no depositions have been scheduled or taken, and no other records have been produced.   Around this time, and prior to Plaintiffs' deadline to respond to the Defendants' motions to dismiss, then Plaintiff Beier suffered a near catastrophic medical event necessitating Plaintiffs to request an extension of all deadlines.   The parties entered into a joint stipulation which this Court granted and all deadlines were extended for 60-days.   (Dkt. No. 45 and 46). The stipulated briefing schedule required Plaintiffs' responses to all Defendants' motions to dismiss on or before June 17, 2019, with any reply due by July 1, 2019.   The hearing on the motions was re-set for July 25, 2019, as was the Initial Case Management Conference, with the Joint Case Management Statement due by July 18, 2019.   (Dkt. No. 47.).

Plaintiffs' timely filed their Oppositions to Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint on June 17, 2019.   (Dkt. No. 49 and 50.).   However, due to a page limit oversight by Plaintiffs' counsel, by joint stipulation and subsequent court order, Plaintiffs' submitted conformed, amended oppositions to Defendants' motions to dismiss on June 21, 2019. (Dkt. Nos. 52 and 54).   All Defendants' subsequently submitted replies to Plaintiffs' oppositions on July 8, 2019 as the parties had stipulated to and the court had granted.   (Dkt. Nos. 55 and 56). The July 25, 2019, hearing on the motions and Initial Case Management conference remained unchanged.   (DKT. No. 54).   Oral argument on the motions was ultimately deemed unnecessary by the Court and the matters of the motions were submitted on the papers.   The Initial Case

Management Conference was held, as scheduled, on July 25, 2019. (Dkt. Nos. 59 and 60). The Court has yet to issue a Scheduling Order and therefore, there are no current trial deadlines, deadlines for amending pleadings, or discovery cutoffs.

Because of then Plaintiff Beier's condition, and the resultant legal morass created, over the course of the next several months, Plaintiffs worked tirelessly to support their dear friend, as well as address and respond to the ever changing legal posture of the case in light of Plaintiff Beier's status; these efforts resulted in extensive court filings in the present case as well as other adjudicative proceedings in other jurisdictions. Plaintiffs routinely updated and communicated with this Court, updating the Court on any associated developments and filing requested reports. Ultimately, the Court was able to provide the parties with certainty and finality regarding Plaintiff Beier and, on or about February 5, 2020, Plaintiff Beier was dismissed from this case without prejudice. (Dkt. Nos. 61-73).

On or around early March of 2020, Plaintiffs were able to secure copies of their respective bylaws after repeated requests to the local offices. Each local's bylaws can be different; Plaintiffs sought to correctly identify the parties responsible for the failed administration of their grievances. Having now read and reviewed, Plaintiffs now appreciate the affiliated local principle officer "shall, in general, supervise, conduct, and control all of the business and affairs of the Local Union, its officers, and employees. He shall have charge and supervision of all the officers and employees of the Local Union including elected Business Agents." Hence, the Plaintiffs seek to add the principle officer of their respective parties o this action in order for the court to fashion complete relief.

On or about February 14, 2020, proposed plaintiff Drumheller contacted Plaintiffs to inform them he had received the copies of his grievance filed on November 17, 2016, regarding

the exact same issues and events as the current Plaintiffs. Drumheller asked to made a party to the action, prompting Plaintiffs to now seek to add Plaintiff Drumheller to this action.

On April 21, 2020, this Court rendered its ruling on all Defendants' pending motions to dismiss, granting the motions in part and denying the motions in part. (Dkt. No. 74). This court also granted Plaintiffs' request for leave to amend Plaintiffs' complaint with the caveat that "[n]o new claims or defendants may be added without prior leave of Court." (Dkt. No. 74). The court also addressed the issue of former Plaintiff Beier in its April 21, 2020, Order, reconfirming his dismissal from the case without prejudice. (Dkt. No. 74).

On or about January 9, 2020, Plaintiff Scholz had a scheduled appearance before this Court. Plaintiff Scholz, weeks prior, utilized his ability to take Personal Convenience Leave in order to excuse his absence from work given his court appearance obligation. Despite doing everything correctly, despite open slots to take this leave, United failed to act on Plaintiff Scholz' request neither granting or denying the leave. Per the collective bargaining agreement this is to be done no later than 24-hours prior to the requested time off. Plaintiff Scholz found a co-worker to cover his shift at the last minute and was present in court.

Plaintiff Scholz promptly grieved this issue with his Teamster affiliated local. As is relevant here, the union officials refused to process his grievance, have not held any of the required hearings or steps outlined in the grievance procedures, and refuse to allow Plaintiff Scholz to proceed on his own just as they did in 2016, stating unequivocally "we own the grievance process and can do what we want." Ignoring the retaliatory nature of these actions by the union, the personal convenience leave grievance, as with the other grievances, remains in a denied limbo state in direct violation of the collective bargaining agreement. Plaintiff Scholz has tried repeatedly to get them to invoke the proper processing of this grievance all to no avail.

As expressed in the Joint Case Management Statement and, in accordance with this Court's order, Plaintiffs now seek to add parties to this action, as well as a single claim. (Dkt. No. 58). Plaintiffs have continued to diligently seek out relevant facts and evidence related to their claims. Plaintiffs have been contacted by many employee-members regarding the claims before the Court, yielding new, credible, and relevant evidence warranting Plaintiffs to hone their claims before the Court. Plaintiffs name the principle officers because they are directly and contractually obligated via the bylaws between them and plaintiffs to carry out the functions of representation, including grievance processing, legal advice regarding member issues, etc.

## II.    ARGUMENT

### A.    <u>Legal Standard</u>

According to the United States Supreme Court, "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of amendment, etc. - the leave should, as the rules require, be "freely given." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading only by leave of court and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The factors commonly considered to determine the propriety of granting a motion for leave to amend are: bad faith, undue delay, prejudice to the opposing party, and futility. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). The Ninth Circuit has instructed the policy favoring amendments "is to be applied with extreme liberality" with "prejudice to the opposing party as

the factor carrying the greatest weight." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).  More, undue delay alone is insufficient to justify denial such a motion. <u>Bowles v. Reade</u>, 198 F.3d 752, 758 (9th Cir. 1999).  "[L]iberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987).  Fed. R. Civ. P. Rule 21 provides that parties may be added by order of the court at any time.

This Court, therefore, can exercise its discretion to permit the additional parties and the single claim Plaintiffs' seek to add to Second Amended Complaint.  The rules of federal civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. Rule 1.

**B.    <u>Leave to Amend Should Be Freely Given</u>**

Rule 15(a) advises "leave shall be freely given when justice so requires."  Fed. R. Civ. P. Rule 15(a).  There is no undue delay, bad faith, or dilatory motive by Plaintiffs.  Plaintiffs seek to make the requested amendments within the time allowed by the Court to do so and Plaintiffs' request is supported by facts and information uncovered by Plaintiffs since the First Amended Complaint was filed over a year and some months ago.

**1.    Permitting Plaintiffs' Request Will Not Prejudice Any Party**

Rule 15 of Federal Rules of Civil Procedure was "designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."  <u>United States v. Houghman</u>, 364 U.S. 310, 316 (1960).  The crucial factor is not length of delay, but prejudice.  "Prejudice is the 'touchstone of the inquiry under rule 15. If a court is to deny leave to amend on grounds of undue prejudice, the prejudice must be substantial.' " <u>Serpa v. SBC Telecomm., Inc.</u>, 318 F.Supp.2d 865, 872 (N.D. Cal. 2004).

Plaintiffs argue permitting Plaintiffs to get it right will not unfairly prejudice Defendants and the addition of the new parties is negligible because the addition of the parties and the claim will not require significant additional resources to conduct discovery and prepare for trial nor will it disrupt the sequence and timing of important litigation events as Plaintiffs. The United Defendants could reasonably anticipate the Administration Committee of the plans at issue would be held to account because the United Defendants are the plan sponsor, controlling the terms of the plans, which provide in pertinent part for the appointment of the Administrative Committee to administer the plans. And, given Plaintiffs' claims for plan wide relief, the plan must be a party to the action for the Court to fashion any remedy; a fact Defendants would anticipate.

Equally reasonable is all Defendant knew that there could and likely would be additional plaintiffs. Plaintiffs are part of the Mechanics and Related labor group and United employs over 9,000 mechanics of this labor group working under the same collective bargaining agreement, entitled to the same rights and duties under that contract, and having rights to and under the plans. The Union Defendants would have similarly have had notice of the potential for additional parties and claims because the Union Defendants, as the exclusive bargaining representative and administrator of the grievance procedures, would be aware of other mechanics who had filed grievances regarding these the specific facts and circumstances. To that point, Plaintiffs have since learned the union was bombarded with calls and emails from other members regarding the same issues Plaintiffs raised when they first filed their written grievances with the Defendants. It is fair to impute knowledge of at least the possibility of additional parties. Importantly, adding additional parties will not dramatically change the course of the litigation at this early stage - as provided above, no discovery has begun, a trial date has not been set, and a scheduling order has not been issued.

Nor will the course of any defense be substantially altered causing any Defendant to suffer any prejudice.  There are no motions for summary judgment pending and again, discovery has essentially not even begun, mitigating concerns over prejudice given any new discovery is not likely to be burdensome and the operative facts at the foundation of the case remain the same.  And, the claim Plaintiffs seek to add was arguably foreseeable as well.  Plaintiffs essentially asserted this right in multiple letters to the Defendants prior to filing this action.  And, more recently, the Union Defendants, in an email to Plaintiff Scholz, stated the Union owns the grievance procedure and can do what it wants whether it is in the collective bargaining agreement or not; however, Plaintiffs have also only recently uncovered writings made and published by the Union where the Union describes to the rank and file the current pending grievances and which will be "released" for the grievant to pursue on their own and at their own expense.  This recently learned information coupled with Defendants own previous statements necessitates adding this claim to  this action to fully vindicate Plaintiffs issues and could not have been brought sooner.

## 2.      Amendment Will Not Cause Undue Delay

This motion is timely filed and will not cause undue delay; however, "[d]elay by itself is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).  Courts have found that undue delay cannot exist where, as in this case, discovery has not ended. Am. Express Travel Related Services Co., Inc. v. D & A Corp., 2007 WL 2462080 (E.D. Cal. Aug. 28, 2007) (citing Abels v. JBC Legal Group, P.C., 229 F.R.D. 152, 156 (N.D. Cal. 2005)).  Plaintiffs are filing this motion before the parties have taken a single deposition, before a trial date has been set, and before the deadline for Plaintiffs' Second Amended Complaint is to be filed; granting Plaintiffs request for leave would not serve to prolong discovery, relitigate settled issues, or delay disposition of this case.  Much of the time that has passed has been the

result of the complications with former Plaintiff Beier's unfortunate circumstances and not a purposeful delay by Plaintiffs. And, Defendants' reluctance to provide Plaintiffs' with Initial Disclosure documents as required should not allow them to benefit from their own dilatory tactics.

### 3.    Plaintiffs' Request Made for Proper Purpose and In Good Faith

Plaintiffs request leave to amend in good faith.  Plaintiffs listed proposed plaintiff Drumheller in Plaintiffs' Initial Disclosures as a witness; Plaintiffs did not include Drumheller in Plaintiffs' First Amended Complaint because the Union still controlled and held Drumheller's grievance paperwork, a copy of which has finally been provided to Drumheller after months of requests.  And, Plaintiffs met with Drumheller and other mechanics at Dulles Airport on October 30, 2019, where Drumheller provided evidence and witness testimony regarding grievances filed on the same facts and circumstances as Plaintiffs' grievances.  These new revelations, of which Plaintiffs were previously unaware, despite all of their efforts to gather information prior to filing this action, justify amendment and evidence a lack of purposeful delay or bad faith.

Regarding the Administrative Committee, if the United Defendants had provided the documents with the Initial disclosures, Plaintiffs could have added the Administrative Committee to Plaintiffs' First Amended Complaint but hat information and documentation was not received until March 20, 2019, when Plaintiffs had to propound requests for production of the documents in the United Defendants' Initial Disclosures, which included the relevant plan documents.

### 4.    Plaintiffs Cure of Deficiencies is Not Futile

Denial of leave to amend is appropriate if the amendment would be futile, such as where it would inevitably be defeated on a summary judgment motion.  California ex rel. Cal. Dept. of Toxic Substances Control v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).  A plaintiff ought to be afforded an opportunity to test its case on the merits.  Foman v. Davis, 371 U.S. 178,

182 (1962).  The test for futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)."  <u>Miller v. Rykoff–Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." <u>Shroyer v. New Cingular Wireless Serv., Inc.</u>, 622 F.3d 1035, 1041 (9th Cir. 2010), citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009). Plaintiffs claim for statutory due process will likely be successful.

Section 184 provides, in pertinent part, that "[i]t shall be the duty of every carrier and of its employees, acting through their representatives, . . . to establish a board of adjustment. . . ." 45 U.S.C. § 184.  If employees have selected a collective bargaining representative, the duty to create a system board of adjustment arises by statute and the duty may be enforced in federal court." See <u>International Ass'n of Machinists v. Philippine Airlines</u>, No. C76-888-WTS (N.D. Cal. May 27, 1976).  The carrier and representative may not, by agreement, divest the system board of its statutorily prescribed jurisdiction over a dispute.  See <u>Brown v. American Airlines</u>, 593 F.2d 652 (5th Cir. 1979); <u>Air Cargo, Inc. v. Local Union 851, Int'l Bhd. of Teamsters</u>, 114 L.R.R.M. 2742 (E.D.N.Y. 1983); <u>Panarale v. Air Wisconsin</u>, 79 L.R.R.M. 2658 (N.D. Ill. 1972). Barring a quick, informal resolution, the parties must try to resolve the dispute within the carrier's normal grievance process.  Id. § 184.  If they fail to do so, either party can refer the dispute to "compulsory and binding arbitration before an adjustment board." <u>ABX Air, Inc. v. Airline Prof'ls Ass'n, Local 1224</u>, 266 F.3d 392, 396 (6th Cir.2001) (citing 45 U.S.C. § 152 Sixth, § 184).

"[N]othing in the Railway Labor Act prevents an employee from bringing an arbitration on his or her own behalf, without the support of the union." <u>Miklavic v. USAir</u>, 21 F.3d 551 (3d Cir. 1994).  "The Railway Labor Act's administrative remedy is a statutory grievance procedure

that can be invoked by the employee." <u>Masy v. New Jersey Transit Rail Operations</u>, 790 F.2d 322, 326 (3d Cir. 1986) (citations omitted). The Railway Labor Act permits the worker to bypass the union and file his own grievance." <u>Graf v. Elgin, Joliet & E. Ry.</u>, 790 F.2d 1341, 1348 (7th Cir. 1986). Although the language of Section 184 only speaks of submission by the "parties" or either "party," in 1979, the Supreme Court seemed to leave the door open to possibly requiring a system board to hear a grievance submitted by an individual employee, even if not supported by the employee's union. <u>International Bhd. of Elect. Workers v. Foust</u>, 442 U.S. 42, 49 n.11 (1979) (citations omitted); *see also* <u>Pyles v. United Airlines, Inc.</u>, 79 F.3d 1046, 1052 (11th Cir. 1996) (citing <u>Stevens v. Teamsters Local 2707</u>, 504 F. Supp. 332, 334 (W.D. Wash. 1980) (an individual airline employee is entitled to convene special boards of adjustment as a matter of statutory right without union assistance).

Plaintiffs claim is not futile. Given the above stated legal basis and the common core of operative facts being the same, adding this claim to the Second Amended Complaint would not be futile.

## IV.    CONCLUSION

Plaintiffs' have diligently worked to bring forward this case given all of the extraordinary circumstances. Granting Plaintiffs motion would serve justice and promote judicial efficiency. For all these reasons stated herein, Plaintiffs request this Court grant Plaintiffs motion for leave to add new parties and to add an additional claim.

Date: July 20, 2020                                    Respectfully submitted,

                                                       JANE C. MARIANI
                                                       Law Offices of Jane C. Mariani

                                                       By:    /s/ Jane C. Mariani
                                                              JANE C. MARIANI

                                                       *Counsel for Plaintiffs Kevin E. Bybee, et al.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on July 19, 2020, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants for this case.

Date: July 20, 2020                    Respectfully submitted,

                                       JANE C. MARIANI
                                       Law Offices of Jane C. Mariani

                                       By:     /s/ Jane C. Mariani
                                               JANE C. MARIANI

                                       *Counsel for Plaintiffs Kevin E. Bybee, et al.*